### Application of FOGARTY BROS. TRANSFER, Inc.
### No. 4038-CCT.

Railroad & Public Utilities Commission.

February 21, 1957.

John M. Allison, Tampa, for the applicant.

Bert Lane, Yonge, Beggs & Lane, Pensacola, for Ferriss Warehouse & Storage Co., protestant.

O. C. Beakes, Jacksonville, for Suddath Moving & Storage Co., Howard Transfer Co., C. W. Joiner, Orlando Storage & Transfer Co. and Fulford Storage Co., as their interests might appear.

Chairman ALAN S. BOYD, Commissioners JERRY W. CARTER and WILBUR C. KING participated in the disposition of this cause.

BY THE COMMISSION.

Pursuant to notice dated July 9, 1954 the commission by its duly designated examiner, Guyte P. McCord, Jr., held a public hearing on this application on July 27, 1954 in the Shantung Room of the San Carlos Hotel, Pensacola.

Subsequent to the hearing the examiner filed with the commission his report and recommendations in the form of a proposed order recommending denial of the application. Applicant filed exceptions to the proposed order and oral argument was heard by the full commission. After consideration of the testimony and evidence adduced in the cause, the proposed order of the examiner, the exceptions filed thereto and the oral argument by attorneys for the respective parties, the commission now enters its order in the premises adopting as its own the proposed order of the examiner.

By this proceeding Fogarty Bros. Transfer, Inc. seeks an extension of its certificate of public convenience and necessity #65 to authorize the establishment and operation of an agency or a terminal and the domiciling of household goods motor carrier equipment in Pensacola in addition to any existing domiciliary locations.

By order #257 entered on November 6, 1930 in docket #A. T. 23 the commission extended applicant's certificate of public convenience and necessity #65 to include authority to transport household goods only from Bradenton to various points in the state. As is set forth in order #2791 in docket #3253-CCT (exhibit no. 4 of the

record herein), on August 27, 1946 and on October 31, 1946, by order #1945, docket #2158-MC, and on September 8, 1948, by its decision in docket #2258-MC, the commission specifically authorized all household goods carriers in Florida to transport household goods to all points and places in the state. By said rulings the authority of the applicant here, as well as the authorities of all other household goods carriers in Florida not already holding such authority, were extended to statewide operating rights.

Subsequent to the foregoing extensions of authority, the commission conducted a general investigation of practices among household goods carriers (docket #3253-CCT). After numerous conferences and hearings in that proceeding the commission, by its aforesaid order #2791 of December 30, 1952 (exhibit no. 4), adopted rules and regulations governing household goods carriers in leasing motor vehicles from others and in domiciling motor vehicle equipment. Rule 3 of said rules provides as follows—

"Household goods carriers may not domicile motor vehicle equipment, either carrier owned or leased, at any place other than their principal place of business as shown by the original authority or by the original application therefor, issued to such carrier or its predecessor by this commission without having obtained specific authority from this commission to so do. Authority to domicile equipment at a location other than the principal place of business of such carrier will be granted by this commission only after application therefor and proof of public convenience and necessity at a public hearing held on the application. All of such applications will be for extension of such carriers' certificates of public convenience and necessity to authorize the additional domiciling of equipment."

By the present proceeding, applicant seeks to prove that public convenience and necessity require the extension of its certificate to authorize it to domicile motor vehicle equipment in Pensacola. From the transcript and evidence adduced in this cause it appears that protestant certificate holder, Ferriss Warehouse & Storage Company, has operated for many years in the transportation of household goods throughout Florida with Pensacola as its home base of operations and the domiciliary point for its equipment. It further appears that Ferriss Warehouse & Storage Company is adequately serving the household carriage needs of Pensacola.

Applicant failed to prove that public convenience and necessity require that it domicile equipment at Pensacola. The only showing made by applicant was that its operating convenience would be served if the application were granted. Such showing is insufficient to justify the granting of this application. If household goods cer-

tificates were extended on this basis there would be few, if any, household goods carriers in Florida who could not show that it would serve their operating convenience to domicile equipment at any point in the state where they desire to open a base of operations in competition with the certified carrier or carriers already serving such point as a base of operations. Such would completely nullify the effect of the commission's aforesaid rule and would return household goods transportation to the chaotic conditions which order #2791 and the rules adopted thereby were designed to correct.

Commissioner JERRY W. CARTER considers that the application should be granted and therefore dissents.